IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL ZAYAS AND GUADALUPE ZAYAS, <br>     Plaintiffs, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiffs, Angel Zayas and Guadalupe Zayas ("Plaintiffs" or "the Zayas") by and through their attorneys, Merlin Law Group, P.A., brings this Complaint against Federal Emergency Management Agency ("FEMA") pursuant to the National Flood Insurance Program ("NFIP"). Plaintiffs allege the following upon information and belief:

## PRELIMINARY STATEMENT

Recently, Plaintiffs, by and through their counsel Ms. Emily Marlowe, and NFIP, by and through its Adjuster/Personnel, Tim Haggerty, have reached an agreement as to coverage, causation, and to the extent that all parties now agree that Plaintiffs should be owed the limits of their policy. Thus, Ms. Marlowe and Mr. Haggerty have reached an agreement to recommend settlement of this suit. However, in an abundance of caution, as Plaintiffs at the time of the filing of this Complaint, have not received their agreed settlement agreement and/or payment (as represented and submitted in several valid proofs of loss), Plaintiffs are hereby filing this suit to preserve their rights under both the Policy and the law.

1

## PARTIES

1.      Plaintiffs **Angel and Guadalupe Zayas** are individuals who reside and are domiciled in Texas in this judicial district. The Zayas' property at the residence address below was insured by the Federal Emergency Management Agency ("FEMA") against flood damages;

| Angel and Guadalupe Zayas | 9006 Ferris Dr. | Houston | TX. | 77096 | Policy No. # SF00520647 |
|---|---|---|---|---|---|

2.      Defendant **FEMA** is an agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program ("NFIP") and the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001, et. seq. This Defendant may be served with service of process pursuant to Federal Rules of Civil Procedure 4(i)(2) by: (1) sending a copy of the summons and the complaint by registered mail to the regional FEMA office in Texas at Federal Regional Center, 800 North Loop 288, Denton, Texas 76201-3698, and (2) delivering a copy of the summons and the complaint to the United States Attorney for the Southern District, Houston Division, Ryan Patrick at Wells Fargo Plaza, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002, and (3) delivering a copy of the summons and complaint to the United States Attorney General, William Barr, at the United States Department of Justice at 950 Pennsylvania Ave. NW Washington, D.C. 20530-001.

## JURISDICTION

3.      This Court has original exclusive jurisdiction is hear this action under the National Flood Insurance Act of 1968, 42 U.S.C. 4001, federal regulations, and federal common law. All disputes arising from the handling of any claim under an insurance policy are governed exclusively by the flood insurance regulations issued by FEMA and are constrained by 42 U.S. C. §4072 by which Congress provided a limited waiver of sovereign immunity for such suit for non-payment or

improper payment of claims. *Flotte v. Marie Clesi Ins. Agency*, 2007 WL 2406994 (E.D. La. August 20, 2007). This Court also has original exclusive jurisdiction pursuant 42 U.S.C. 4072 because the insured property is located in this judicial district. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

4. Venue is proper in this judicial district pursuant to 28 U. S.C. § 1391 and 42 U.S.C. § 4072 because it is where Plaintiffs' property is located and where a substantial part of the events took place.

## FACTUAL ALLEGATIONS

5. In 2016, the Zayas purchased a beautiful home in the Bellaire, Meyerland area of Houston located at 9006 Ferris Dr. Houston, Texas 77096 ("the Property"), from an elderly, retiring couple. At the time of the purchase, it was disclosed to the Zayas that the Property had previously flooded in the tax/Memorial Day floods of 2016, with approximately one inch of water in the home, but had been fully repaired as evidenced by the pre-purchase inspection and appraisal with photographs and as represented in HAR.com. The home looked beautiful and in mint condition at the time of purchase.

6. As part of the purchase transaction, the previous owners transferred the flood policy ("the Policy") for the Property. The Policy had been directly purchased from FEMA and/or underwritten by FEMA and was a Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"). The total amount of insurance coverage for the SFIP Policy was $320,000.00 ($250,000 dwelling and $70,000 contents).

7.  On or about August 25, 2017, Hurricane Harvey made landfall in Texas at Rockport, as a category 4 hurricane, and causing widespread devastation as it traveled up the Gulf coastline damaging thousands of homes and businesses. Harvey's winds reached high-speeds of 135-145 and spawned a record setting number of tornados and unprecedented levels of rainfall, which led to severe flooding that by August 27, 2017, had overwhelmed Houston's community including the home and personal property of the Zayas. The Bellaire and Meyerland communities where the Zayas' Property was located, was one of the hardest hit areas. The Property sustained damage to the flooring, baseboards, insulation, framing, doors, cabinets, and fixtures, among other areas throughout the home, not to mention all the damage to furniture, appliances, electronic equipment, clothes, shoes, and numerous other personal items. Four (4) feet of contaminated flood waters destroyed the Zayas recently purchased home.

8.  Plaintiffs notified FEMA and filed a claim ("the Claim").

9.  On September 2, 2017, FEMA sent an adjuster, Tim Haggerty ("Haggerty"), to inspect the Zayas' Property. Haggerty was acting as FEMA's agent at the time of this inspection. The Zayas were to be paid for certain damages of their Claim but learned from adjuster Haggerty that NFIP was not going to pay for a large portion of the Claim's damages because the home, according to NEIP, allegedly was never repaired from the prior 2016 floods despite the fact that the Zayas had provided adjuster Haggerty and the NFIP, photographs of the Property prior to their purchase and the pre-purchase inspection report showing the perfect condition of the home pre-Harvey. This evidence is testimony that the Property was fully repaired and in excellent condition prior to the Harvey flood.

10.  The Haggerty estimate issued September 27, 2017, was improper when the estimate showed or zeroed-out replacement of drywalls, base molding and cabinetry damages, to name a

few, on the ground that these items were pre-existing, non-repaired items from the previous flood.

11.     On or about April 3, 2018, the Zayas received an <u>unsigned</u> letter on FEMA letterhead, issued by an unnamed NFIP Direct Servicing Agent of the Flood Claims Department. This partial denial letter stated in part:

> [t]he adjuster reported that you suffered a loss on 8/27/2017 and it appears that the repairs and/or replacements to the drywall, paint, seal walls, molding, & trim in the foyer, office, kitchen, guest room, family room, master bedroom & bathroom, master closets, hall bathroom, and the laundry room. In the bathrooms, trim, molding, wall tile, doors, cabinetry, & built-in cabinetry and the interior door with trim, the kitchen cabinetry, dishwasher, and refrigerator, and the exterior wall insulation have not been completed/replaced since the prior flood claim. Because of this, we must deny that portion of your claim.

12.     The denial of the estimate equaled approximately one-half (1/2) to three-fourths (3/4) of the whole house. When the Zayas could not make any headway with NFIP for an additional payment of their claim, they hired a public adjuster ("PA") who inspected the Property and in May 2018, issued an estimate for $271,000. Plaintiffs served a Proof of Loss on FEMA on July 30, 2018, which FEMA letter of August 27, 2018, states that it received the Proof of Loss from Merlin Law Group on August 16, 2018 and an estimate from Daniel Hogan, P.A. dated May 2, 2018, in the amount of $341,779.70. That unsigned FEMA denial letter that had denied requested additional payments stated in perinate part:

> [**t]he Standard Flood Insurance Policy (SFIP) will not allow us to issue additional payment to your client without first providing our office with copies of paid bills and receipts, or cancelled checks, to show the cost, and the kind and quality, of completed repairs made to covered flood damages. …** Because you have not sent us copies of documents showing your actual cost to repair or replace the flood-damaged items, or the contractor's estimate of work to be completed, **the SFIP requires us to reject your signed proof of loss. If you still wish to pursue an additional claim payment, please send us a signed Proof of Loss along with copies of documents showing the cost of actual flood repairs that you have made to your insured property and we will re-evaluate your claim. …** (emphasis added).

13.      FEMA continued to deny that they had received all the documents that the Zayas

5

possessed and/or could obtain, showing that the repairs had been made by the previous owners from the tax/Memorial Day floods in 2016, prior to their purchase and that any paid receipts, contractor's estimates, and cancelled checks, were in the possession of the previous owners of the Property—**not the Zayas.** The Zayases had no way to obtain this information from this elderly couple who had sold them the Property. In effect, FEMA were wrongfully holding the additional owed payments under the Policy as hostage for information and documents to be provided of a **previous flood** and **previous repairs** made by **previous owners**. FEMA were not justified in denying Plaintiffs' claim for this reason.

14. Subsequently, Plaintiffs hired the attorneys and law firm below to represent them and to procure the wrongfully withheld Policy funds. There is no question that Plaintiffs paid all insurance premiums when due and complied with all conditions precedent under the Policy. FEMA should not have withheld payment given these particular and somewhat unusual circumstances.

## FEMA'S DUTIES AND OBLIGATIONS

15. Under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq*.("NFIA") and subsequent legislation, the Federal Emergency Management Agency ("FEMA") and the Federal Insurance Administration administer the statutorily-created National Flood Insurance Program ("NFIP"). This program provides flood insurance and issues the Standard Flood Insurance Policy ("SFIP") that provides coverage against "direct physical loss by or from flood" subject to the terms and exclusions of the Policy which are established by FEMA. *See* 44 C.F.R. §§ 61.4(b),61.13(d).

16. FEMA here unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied and/or unfairly underpaid or limited the payment on Plaintiffs' Claim.

FEMA has unfairly persisted in improperly underpaying the Zayas' Claim despite being provided with extensive evidence as to the actual amount of damages incurred, and the repair and replacement amounts of damaged items from the previous flood by the previous owners of Plaintiffs' home.

## CLAIM FOR RELIEF
## BREACH OF CONTRACT

17.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

18.     Plaintiffs owned a SFIP with FEMA. The Policy, at all times relevant and material to this case, provided flood insurance coverage for, among other things, direct physical damage caused by flood to Plaintiffs' Property and contents located at the address ascribed above.

19.     Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with FEMA regarding their Claim. Plaintiffs complied with all conditions precedent to their recovery herein. However, FEMA consistently denied Plaintiffs' request for additional payment under the SFIP based on an irrational, unjustified request for paid invoices, bills, receipts, and/or a contractor's estimate showing repairs and/or replacements of the damages of a previous flood which occurred under the previous ownership of the Property. In place of that information which Plaintiffs were unable to provide because they did not own the Property at the time and did not make the previous repairs, Plaintiffs have provided FEMA with pre-purchase appraisal and evaluation and over 50 photographs showing before, during, and after Hurricane Harvey which evidences that the Property before Harvey was in tip-top condition at the time of their purchase; therefore, all repairs had been made.

20.     Thus, such wrongful conduct by FEMA in failing to perform its duties and obligations under the SFIP and wrongfully denying and failing to provide Plaintiffs' additional payment

constitutes a material breach of the insurance contract. FEMA failed to adopt an adequate and proper estimate at the time their adjuster Haggerty evaluated the Property. Instead, they blindly accepted Haggerty's under-valuation of Harvey damages and denied coverage for properly covered damaged items based on a false reason that the Property had not been repaired from the last 2016 floods.

21. In the adjustment, assessment and/or evaluation of Plaintiffs' flood damage Harvey Claim, FEMA failed to follow and implement the proper procedures, rules, laws, regulations, and guidelines. In short, FEMA breached the contract by underpaying Plaintiffs' Harvey Claim in the amount it owed Plaintiffs for their flood damages based on an unjustified and false reason that Plaintiffs did not provide specific evidence of repairs made from a prior flood under prior owners. Plaintiffs had no access to the prior owners. Plaintiffs could not comply with FEMA's impossible and unrealistic request for such evidence. This misconduct coupled with FEMA's unrealistic non-acceptance of the evidence showing the repairs had been made, furthered FEMA breach of contract. FEMA further breached the contract by failing to honor Plaintiffs' satisfactory proof of loss documents and by failing to properly train and supervise its adjusters and agents.

22. Plaintiffs reserve the right to seek leave of Court to amend this Complaint at such time as they may ascertain other acts and omissions actionable as breach of the contract.

23. By virtue of FEMA's various breaches of contract, including their failure to fully reimburse Plaintiffs for the covered losses, FEMA are liable to and owe Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and all other damages Plaintiffs may prove as allowed by law. *See In re Estate of Lee v. NFIP*, 812 F.2d 253, 256 (5th Cir. 1987) (Court

affirmed trial court's allowance for plaintiff to recover costs and attorneys' fees from FEMA under the Equal Access to Justice Act); *see also Bolden v. Federal Emergency Management Agency*, 2007 WL 3046067, *3 (E.D. La. 2007) (refusing to dismiss plaintiffs' claims for attorneys' fees under EAJA).

## CONDITIONS PRECEDENT

Plaintiffs have satisfied all conditions precedent for bringing this action.

## PRAYER

WHEREFORE, Plaintiffs named herein respectfully request FEMA to answer this Complaint and that the Court enter judgment in Plaintiffs' favor for such amount of damages as Plaintiffs may prove at trial, including actual damages, costs, and attorney's fees as provided by law, and that Plaintiffs have other and further relief to which the Court may deem just and proper either at law or in equity.

Respectfully Submitted,

**Merlin Law Group, P.A.**

BY:  */s/ René M. Sigman*
\*Rene M. Sigman, Esq.
S.D. Fed Bar No. 900984
State Bar No. 24037492
RMSdocket@merlinlawgroup.com
Courtney L. Wadas
State Bar No. 24012560
S.D. Fed. Bar No. 24596
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

\***ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**ATTORNEYS FOR PLAINTIFFS**